```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ZUBAIR PATEL, individually and on behalf of all :
others similarly situated,                      :
                                                :
                              Plaintiff, :
                                                :
            -against-                           :        14-CV-6038 (VEC)
                                                :
L-3 COMMUNICATIONS HOLDINGS INC.,               :
MICHAEL T. STRIANESE, and RALPH G.              :
D'AMBROSIO,                                     :
                                                :
                              Defendants, :
-------------------------------------------------------------X
ALAN NGUYEN, individually and on behalf of all :
others similarly situated,                      :
                                                :
                              Plaintiff, :
                                                :
            -against-                           :        14-CV-6182 (VEC)
                                                :
L-3 COMMUNICATIONS HOLDINGS INC.,               :
MICHAEL T. STRIANESE, and RALPH G.              :
D'AMBROSIO,                                     :
                                                :
                              Defendants. :
-------------------------------------------------------------X
CARMEN VALENTINO, individually and on          :
behalf of all others similarly situated,        :
                                                :
                              Plaintiff, :
                                                :
            -against-                           :        14-CV-6939 (VEC)
                                                :
L-3 COMMUNICATIONS HOLDINGS INC.,               :
MICHAEL T. STRIANESE, and RALPH G.              :
D'AMBROSIO,                                     :
                                                :
                              Defendants. :
-------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2014

ORDER CONSOLIDATING CASES AND
APPOINTING LEAD PLAINTIFF AND COUNSEL

VALERIE CAPRONI, United States District Judge:

On August 1, 2014, Plaintiffs initiated the first of these related class action lawsuits and published a notice advising members of the putative class, as required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i).  On September 30, 2014, three putative lead plaintiffs moved for consolidation of the three cases, appointment as lead plaintiff, and approval of class counsel.  *See* Dkt. 10, 12, 16.  On October 17, 2014, two putative plaintiffs filed papers acknowledging that they did not have the largest financial stake in the relief sought by the class.  Dkt. 20, 21; *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Accordingly, it is hereby ORDERED:

1. **These three cases are hereby consolidated.**  "Consolidation is appropriate where actions before the Court involve common questions of law or fact."  *Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (citing Fed. R. Civ. P. 42(a)).  These putative class actions seek the same relief on behalf of the same class based on the same series of events; they will therefore be consolidated.

2. **City of Pontiac General Employees' Retirement System ("City of Pontiac"), Local 1205 Pension Plan ("Local 1205"), and City of Taylor Police and Fire Retirement System ("City of Taylor") are approved as Lead Plaintiffs.**  Of the putative lead plaintiffs who "either filed [a] complaint or made a motion in response to a notice" in this case, City of Pontiac, Local 1205, and City of Taylor showed "the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(A)(3)(B)(iii)(I)(aa) and (bb).  Although the putative lead plaintiffs must show that they "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure," *id.* § 78u-4(A)(3)(B)(iii)(I)(cc), "'typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.'"  *Elstein v. Net1 UEPS Techs., Inc.*, No. 13-CV-9100(ER), 2014 WL 3687277, at *7

(S.D.N.Y. July 23, 2014) (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)) (alteration omitted). "At this stage of the litigation, the moving plaintiff[s] must only make a preliminary showing that the adequacy and typicality requirements have been met." *Blackmoss*, 252 F.R.D. at 191.

"'Typicality is established where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Elstein*, 2014 WL 3687277, at *7 (quoting *Freudenberg v. E*Trade Fin. Corp.*, No. 07-CV-8538(RWS), 2008 WL 2876373, at *5 (S.D.N.Y. July 16, 2008)) (other internal quotation marks and citations omitted). The Court concludes that City of Pontiac, Local 1205, and City of Taylor, are not subject to any unique or special defenses and, as L-3 stockholders during the relevant period, advance claims that are typical of the putative class.

City of Pontiac, Local 1205, and City of Taylor have also shown that they "will fairly and adequately protect the interests of the Class." *Id.* at *7. "The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). The Court finds that City of Pontiac, Local 1205, and City of Taylor have made this necessary showing at this preliminary state of the litigation.

3. **The Court approves Lead Plaintiffs' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Class Counsel.** "[T]he PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval." *Kaplan*, 240 F.R.D. at 96 (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)). Courts "should generally employ a deferential standard in reviewing the lead plaintiff[s'] choice" of class counsel. *In re Cendant*

*Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001).  The Court is familiar with Robbins Geller and, after reviewing their resume, "agrees with other courts in this district that Robbins Geller is 'qualified, experienced, and able to conduct the litigation.'"  *City of Livonia Emps. Ret. Sys. v. Wyeth*, 284 F.R.D. 173, 180-81 (S.D.N.Y. 2012) (quoting *Ellenburg v. JA Solar Holdings Co.*, 262 F.R.D. 262, 267 (S.D.N.Y. 2009)).

4. **The parties are directed to appear for an initial pretrial conference on November 21, 2014, at 2:00 p.m.**  The parties are directed to consult the undersigned's Individual Practices in Civil Cases and to confer on a Civil Case Management Plan and Scheduling Order.  The Individual Practices and Civil Case Management Plan may be found on the Court's website: http://nysd.uscourts.gov/judges/Caproni.  The parties must submit the jointly proposed Plan to the Court not later than November 13, 2014.

The Clerk of the Court is respectfully directed to terminate Dkt. 10, Dkt. 12, and Dkt. 16.

**SO ORDERED.**

Date:  October 20, 2014  
       New York, New York

**VALERIE CAPRONI**  
United States District Judge