UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

ZUBAIR PATEL, Individually and on Behalf :    Civil Action No. 1:14-cv-06038-VEC
of All Others Similarly Situated,          :    **(Consolidated)**
                                 :
                Plaintiff,    :    <u>CLASS ACTION</u>
                                   :
       vs.                           :    [PROPOSED] ORDER PRELIMINARILY
                                   :    APPROVING SETTLEMENT AND
L-3 COMMUNICATIONS HOLDINGS, INC., :    PROVIDING FOR NOTICE
et al.,                                    :
                                   :
                Defendants.    :
                                   :

———————————————————— x

WHEREAS, on February 22, 2017, the parties to the above-entitled action (the "Litigation"), Lead Plaintiffs City of Pontiac General Employees' Retirement System, Local 1205 Pension Plan, and City of Taylor Police and Fire Retirement System ("Lead Plaintiffs") and Defendant L-3 Communications Holdings, Inc. (now known as L3 Technologies, Inc.) ("L3" or the "Company") (the "Defendant," collectively with Lead Plaintiffs, the "Settling Parties") entered into the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the Exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the complaint on the merits and with prejudice;

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents;

WHEREAS, the Settling Parties to the Stipulation having consented to the entry of this Order;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein having the meanings defined in the Stipulation;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2017, that:

1.    The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Class Members (defined in ¶2 below), subject to further consideration at the Settlement Fairness Hearing described in ¶5 below.

---

[1]    The Exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this Order.

- 1 -

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased or otherwise acquired L3 common stock between January 30, 2014 and July 30, 2014, inclusive.  Excluded from the Class are:  L3, persons who served as directors of L3 during the Class Period, Section 16 officers of L3 and officers of the Company's Aerospace Systems segment during the Class Period, members of such excluded person's immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Class are those Class Members who exclude themselves by submitting a timely and valid request for exclusion in accordance with the requirements set forth in the Notice (defined in ¶7 below).

3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are certified as the class representatives.

5.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2017, at ___ _.m. EDT for the following purposes:

(a)      to finally determine whether this Litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

(b)      to determine whether the proposed Settlement is fair, reasonable and adequate to Class Members, and should be approved by the Court;

(c)      to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Persons;

(d)      to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)      to consider Lead Plaintiffs' Counsel's application for an award of attorneys' fees and expenses, including the time and expenses of Lead Plaintiffs; and

(f)      to rule upon such other matters as the Court may deem appropriate.

6.      The Court reserves the right to approve the Settlement, including, if appropriate, with any such modifications as may be agreed to by the Settling Parties without further notice to the Class.  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

- 3 -

7.     The Court approves the form, substance and requirements of: the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"); the Proof of Claim and Release form (the "Proof of Claim"); and the Summary Notice (the "Summary Notice"), annexed to the Stipulation as Exhibits A-1, A-2, and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶9 and 12 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8.     The Court approves the appointment of Garden City Group, LLC as the Claims Administrator.

9.     Within twenty-one (21) calendar days of the entry of this Order (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort. The Court is informed that L3 provided or caused L3's transfer agent to provide to Lead Counsel the last known names and addresses of all shareholders of record during the Class Period. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased L3 common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to

- 4 -

such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proofs of Claim to beneficial owners.  Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10.    The Escrow Agent or its agents are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Settlement Fund and to cause any Taxes due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

11.    Lead Counsel shall submit its papers in support of final approval of the Settlement and application for attorneys' fees and expenses, by no later than twenty-eight (28) calendar days prior to the Settlement Fairness Hearing.  All reply papers in support of such motions shall be filed and served by no later than seven (7) calendar days of the Settlement Fairness Hearing.

12.    The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over the *Business Wire* within seven (7) calendar days of the Notice Date.  Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Fairness Hearing, file with the Court proof of the publication of the Summary Notice.

- 5 -

13.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached to the Stipulation as Exhibit A-2, must be submitted to the Claims Administrator, online at www.L3Technologiessecuritieslitigation.com no later than _____, 2017 (120 calendar days after the Notice Date), or at the Post Office Box indicated in the Notice, postmarked not later than _____, 2017.  Such deadline may be further extended by Court order.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Lead Counsel may direct the Claims Administrator to accept late claims if they will not materially delay distribution of the Net Settlement Fund, but will not incur any liability for declining to do so.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

- 6 -

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of this Court solely with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as against the Released Persons provided in the Stipulation.

14.     Any Member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund.  In all other respects, any such Member of the Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation and the Final Judgment unless such Member of the Class has submitted a timely and valid request to be excluded from the Class in the manner required by this Order.

15.     All Class Members shall be bound by all determinations and judgments in the Litigation, including, but not limited to, the releases provided for in the Stipulation and Settlement, whether favorable or unfavorable to the Class, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A putative Class Member wishing to make such request shall mail the request to the Claims Administrator by first-class mail postmarked no later than _____, 2017 (21 calendar days prior to the Settlement Fairness Hearing), to the address designated in the Notice.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class, and must be signed by such person.  Such persons requesting exclusion are also directed to state: the date(s), price(s) and number(s) of shares of L3 common stock they purchased, acquired and sold during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise

- 7 -

accepted by the Court.  Putative Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16.     Objections to the Settlement, the Plan of Allocation, the application by Lead Plaintiffs' Counsel for an award of attorneys' fees and expenses including Lead Plaintiffs' time and expenses, and any supporting papers shall be filed with the Court on or before _____, 2017, and also delivered by hand or first-class mail to Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Michael J. Garvey, David Elbaum, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, by that same date.  Any such objection must:  (a) clearly indicate the objector's name, mailing address, daytime telephone number, and e-mail address; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or fee and litigation expense application in *Patel v. L-3 Communications Holdings, Inc., et al.*, Case No. 1:14-cv-06038-VEC; (c) specify the reason(s), if any, for the objection, including any legal support for such objection; (d) state the number of shares of *L3* common stock owned as of the beginning of trading on January 30, 2014 (the first day of the Class Period); (e) list the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of *L3* common stock during the Class Period; and (f) provide written documentation (whether from the objector's bank, broker or otherwise) of such trading.  In order to be considered, an objection also must be signed by the Class Member making the objection.  Attendance at the Settlement Fairness Hearing is not necessary.  However, any persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request by Lead Plaintiffs' Counsel for attorneys' fees and expenses, are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing and to include in their written objections

the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17.    Any Class Member who does not object to the Settlement and/or the Plan of Allocation, and/or Lead Plaintiffs' Counsel's application for an award of attorneys' fees and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived all such objection, shall be deemed a Class Member, and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Plaintiffs' Counsel for an award of attorneys' fees and expenses.

18.    Pending final determination of whether the Settlement should be approved, the Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against any Released Person.

19.    Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of his/her/its own choice.  If he/she/it does not enter an appearance, he/she/it will be represented by Lead Counsel.

20.    All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

- 9 -

21.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Lead Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.    All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to this Order, the Plan of Allocation and/or further orders of the Court.

23.    Subject to the limitation provided in the Stipulation, the Escrow Agent may pay the Claims Administrator out of the Settlement Fund the reasonable fees and costs associated with giving notice to the Class, the review of claims and the administration of the Settlement without further order of the Court.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Plaintiffs' Counsel shall have any obligation to repay to Defendant or its insurers the reasonable and actual costs of class notice and administrations.

24.    If (a) the Settlement is terminated by *L3* pursuant to ¶7.3 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or *L3* elect to terminate the Settlement as provided in the Stipulation, then, in any such event, the terms of ¶¶7.5 and 7.6 of the Stipulation shall apply, and this Order certifying the Class and the class representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position in this Litigation as it existed prior to January 23, 2017.

- 10 -

25.     The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

DATED: _____          _____

HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

1238764_1

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

ZUBAIR PATEL, Individually and on Behalf   :   Civil Action No. 1:14-cv-06038-VEC
of All Others Similarly Situated,   :   **(Consolidated)**
        :
                Plaintiff,   :   <u>CLASS ACTION</u>
        :
        vs.   :   NOTICE OF PENDENCY AND PROPOSED
        :   SETTLEMENT OF CLASS ACTION
L-3 COMMUNICATIONS HOLDINGS, INC.,  :
et al.,   :   EXHIBIT A-1
        :
             Defendants.   :
        :

———————————————————— x

**A FEDERAL COURT AUTHORIZED THIS NOTICE.  THIS IS NOT A SOLICITATION FROM A LAWYER.**

**TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED L-3 COMMUNICATIONS HOLDINGS, INC. (NOW KNOWN AS L3 TECHNOLOGIES, INC.) ("L3" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD FROM JANUARY 30, 2014 THROUGH AND INCLUDING JULY 30, 2014 (THE "CLASS PERIOD")**

- PLEASE READ THIS NOTICE CAREFULLY.[1]

- IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

- YOU MAY BE ELIGIBLE TO RECEIVE MONEY FROM THE SETTLEMENT OF THIS CASE.

- YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS LAWSUIT.

- TO RECEIVE MONEY FROM THIS SETTLEMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2017.

- IF YOU DO NOT WISH TO PARTICIPATE IN THE SETTLEMENT YOU MAY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT BY SENDING A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE _____, 2017.

- IF YOU RECEIVED THIS NOTICE ON BEHALF OF A CLASS MEMBER, AS DEFINED BELOW, WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT CLASS MEMBER.

YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed $34.5 million settlement (the "Settlement") has been reached between the parties in the class action pending in the United States District Court for the Southern District of New York (the "Court") brought on behalf of all individuals and entities described above (the "Class").  The Court has preliminarily approved the Settlement, whose terms are set forth in a Stipulation of Settlement, which is available at www.L3Technologiessecuritieslitigation.com.  You have received this Notice

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated February 22, 2017 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.L3Technologiessecuritieslitigation.com.

of Pendency and Proposed Settlement of Class Action (the "Notice") because the Settling Parties' records indicate that you may be a member of the Class. This Notice is designed to inform you of your rights, how you can submit a claim and how you can comment in favor of the Settlement or object to the Settlement. If the Settlement is finally approved by the Court, the Settlement will be binding upon you, unless you exclude yourself, even if you do not submit a claim to obtain money from the Settlement and even if you object to the Settlement.

The Settlement creates a fund in the amount of $34.5 million in cash (the "Settlement Fund") for the benefit of members of the Class ("Class Members") who purchased or otherwise acquired L3 common stock during the period from January 30, 2014, through and including July 30, 2014 (the "Class Period"). Your recovery from the Settlement Fund will be calculated according to the Plan of Allocation which is detailed below on pages __ or as otherwise determined by the Court. The amount of your payment will depend on a number of variables, including the number of shares that you purchased or acquired during the Class Period and the timing of any purchases or acquisitions and sales that you made. Lead Counsel estimates that the average distribution per share of L3 common stock under the Settlement is $2.05 before deduction of fees and expenses. If you have any questions regarding the Plan of Allocation or your potential recovery, you may contact Lead Counsel or the Claims Administrator, whose contact information is listed below in this Notice.

Lead Counsel, who has been prosecuting this Litigation on a wholly-contingent basis since its inception, has not received any payment of attorneys' fees for its representation of the Class and it has advanced the funds to pay expenses necessarily incurred to prosecute the Litigation. Lead Counsel will apply to the Court for an award of attorneys' fees for all plaintiffs' counsel in the amount of 25% of the Settlement Fund. In addition, Lead Counsel will apply for reasonable litigation expenses (exclusive of administration costs) in an amount not to exceed $600,000. In addition, Lead Counsel will submit an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class in an amount not to exceed $10,000 collectively. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. If the Settlement is approved, and Lead Counsel's fee and expense application is granted in its entirety, the average cost per share of these fees and expenses will be approximately $0.55 per share of L3 common stock.

Lead Plaintiffs and the Class are being represented by Lead Counsel Robbins Geller Rudman & Dowd LLP. Any questions regarding the Litigation or the Settlement should be directed to Rick Nelson, Shareholder Relations at Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| Submit a Proof of Claim Postmarked or Submitted Online no later than _____ | This is the only way to be eligible to get a payment in connection with the Settlement. |
| Exclude Yourself from the Class by Submitting a Written Request | If you exclude yourself from the Class, you will not be eligible to get any payment from the Net Settlement Fund. This is the only option that allows you to be part of any other |

| Postmarked no later than _____ | lawsuit against L3 or the other Related Parties concerning the Released Claims (defined below). |
|---|---|
| Object to the Settlement by Submitting a Written Objection so that it is Received no later than _____ | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the fee and expense application, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense application unless you are a Class Member and do not exclude yourself. |
| Go to the Settlement Hearing on _____. And File a Notice of Intention to Appear so that it is Received no later than _____. | Filing a written objection and notice of intention to appear allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the fee and expense application. If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |
| Do Nothing | If you are a member of the Class and you do not submit a Proof of Claim by _____, you will not be eligible to receive any payment from the Net Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court pertaining to the Litigation. |

There will be a fairness hearing on the Settlement ("Settlement Hearing") before the Honorable Valerie E. Caproni, United States District Court Judge, at __ on ____, 2017 in Courtroom 443 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.

## SUMMARY OF THIS NOTICE

### Further Information

For further information regarding the Litigation, this Notice or to review the Settlement Agreement, please contact the Claims Administrator toll-free at _____, or visit the website www.L3Technologiessecuritieslitigation.com.

**Please Do Not Call the Court or the Defendant with Questions About the Settlement.**

### Reasons for the Settlement

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that

could last several years into the future.  For L3, which has denied and continues to deny all allegations of liability, fault, wrongdoing or damages whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation.  L3 has concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of the Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired L3 common stock during the period from January 30, 2014, through and including July 30, 2014 ("Class Period").  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement and you have a right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Counsel and approved by the Court will make payments pursuant to the Settlement and the Court-approved Plan of Allocation after any objections and appeals are resolved.  This Notice is also being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the fee and expense application.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *Patel v. L-3 Communications Holdings, Inc., et al.*, Case No. 1:14-cv-06038-VEC.  The case has been assigned to the Honorable Valerie E. Caproni.  The pension funds representing the Class are the "Lead Plaintiffs," and the company they sued and who has now settled is called the Defendant.

This Notice does not express any opinion by the Court concerning the merits of any claim or defense in the Litigation, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and the Plan of Allocation, payments to Authorized Claimants will be made after any appeals are resolved, and after completion of all claims processing.

| 2. | What is this lawsuit about? |
|---|---|

The Litigation is pending before the Honorable Valerie E. Caproni in the United States District Court for the Southern District of New York (the "Court").  The initial complaint in this action was filed on August 1, 2014.  On October 20, 2014, the Court appointed Lead Plaintiffs and Lead Counsel.

Lead Plaintiffs alleged that the Defendant and Former Defendants Michael T. Strianese and Ralph G. D'Ambrosio violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by, *inter alia*, issuing materially false and misleading statements regarding the Company's Aerospace Systems segment.  Specifically, Lead Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on December 22, 2014, alleged material misstatements and/or omissions concerning: (i) errors in L3's

- 4 -

financial statements related to the improper deferral of cost overruns on a fixed-price maintenance and logistics support contract resulting in overstatement of operating income; (ii) overstatement of net sales with respect to the fixed-price maintenance and logistics support contract; and (iii) the adequacy of the Company's internal controls with respect to financial reporting. Lead Plaintiffs further alleged that as a result of the foregoing alleged materially false or misleading statements, the Company's financial statements were materially false and misleading during the Class Period (January 30, 2014 through July 30, 2014), and that L3 common stock traded at artificially inflated prices.

On July 31, 2014, L3 announced preliminary financial results and concurrent internal accounting review into matters at the Company's Aerospace Systems segment. As a result of its preliminary review, which was ongoing, the Company announced that it expected to incur an aggregate pre-tax charge of $84 million against operating income and a related reduction in net sales of approximately $43 million. Following this news, shares of L3 fell more than 12%.

On February 20, 2015, L3 and the Former Defendants filed their Motion to Dismiss the Complaint. On March 13, 2015, Lead Plaintiffs filed their Second Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint"). Defendant L3 and the Former Defendants, on April 24, 2015, moved to dismiss the Amended Complaint. Lead Plaintiffs filed their opposition to the Motion to Dismiss on June 9, 2015. L3 and the Former Defendants filed their reply on June 26, 2015.

Following oral argument on the Motion to Dismiss on March 4, 2016, the Court ordered the parties to submit supplemental letter briefing on the issue of scienter. The parties filed their supplemental materials on March 10, 2016, and on March 30, 2016, the Court issued its Memorandum Opinion and Order granting the Motion to Dismiss as to Former Defendants Strianese and D'Ambrosio, and denying it with respect to L3. On April 13, 2016, L3 filed its answer to the Amended Complaint.

The parties thereafter engaged in extensive document and deposition discovery, and Lead Plaintiffs filed their motion for class certification, which was opposed by L3. The Court ordered additional briefing on the motion, which was completed on October 31, 2016.

In an effort to conserve judicial resources and attempt to settle the Litigation, the parties engaged the services of the Hon. Layn R. Phillips (Ret.), a nationally recognized mediator. The parties prepared detailed mediation statements and engaged with Judge Phillips in a full-day in-person mediation session with Judge Phillips on November 11, 2016, and subsequent telephonic sessions. These efforts culminated with the parties executing a Term Sheet in which they agreed to settle the Litigation on January 23, 2017, on the terms set forth below, subject to the negotiation of a Stipulation of Settlement and approval by the Court.

| 3. | Why is there a settlement? |
|----|---------------------------|

The Court has not decided in favor of L3 or of the Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged.  L3 denies that it is liable to the Class and denies that the Class has suffered any damages.  The issues on which the parties disagree are many, but include: (1) whether L3 engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether L3 has valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of L3 common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of L3 common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of L3 common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of L3 common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of L3 common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of L3 common stock at various times during the Class Period.

## WHO IS IN THE SETTLEMENT

| | |
|---|---|
| **4.** | **How do I know if I am a Class Member?** |

The Court directed that everyone who fits this description is a Class Member: ***all Persons who purchased or acquired L3 common stock during the period from January 30, 2014, through and including July 30, 2014***, except those Persons and entities that are excluded.

Excluded from the Class are:  L3, persons who served as directors of L3 during the Class Period, Section 16 officers of L3 and officers of the Company's Aerospace Systems segment during the Class Period, members of such excluded person's immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement Fund, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____.

| | |
|---|---|
| **5.** | **What if I am still not sure if I am included?** |

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| | |
|---|---|
| **6.** | **What does the Settlement provide?** |

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, L3 has agreed to pay (or cause to be paid) $34.5 million in cash to be distributed after taxes, fees, and expenses to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| | |
|---|---|
| **7.** | **How much will my payment be?** |

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proofs of Claim that Class Members send in, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.  At this time, however, it is not possible to make any determination as to how much a Class Member may receive from the Settlement.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| | |
|---|---|
| **8.** | **How can I get a payment?** |

To be eligible to receive a payment from the Net Settlement Fund, you must submit a Proof of Claim.  A Proof of Claim is enclosed with this Notice or it may be downloaded at www.L3Technologiessecuritieslitigation.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2017.**  The Proof of Claim may be submitted online at www.L3Technologiessecuritieslitigation.com.

| | |
|---|---|
| **9.** | **When would I get my payment?** |

**The Court will hold a Settlement Hearing on _____, 2017, at _____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal, or review has expired.  Please be patient.

| | |
|---|---|
| **10.** | **What am I giving up to get a payment or to stay in the Class?** |

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against L3 or its Related Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- 7 -

- "Released Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, whether asserted directly, indirectly, derivatively, representatively, or in any other capacity, including, without limitation, any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, and any claims for gross negligence, fraud or negligent misrepresentation that a Class Member has or may have against the Released Persons that arise from, are based on, or are related in any way to the allegations, transactions, facts, events, matters, occurrences, acts, representations, statements or omissions that were or could have been alleged, set forth or referred to in the Litigation and the purchase or acquisition of L3 common stock during the Class Period, except for claims related to the enforcement of the Settlement. "Released Claims" includes "Unknown Claims" as defined below, but does not include the shareholder derivative claims asserted in the action captioned *Francis Weidman v. Michael T. Strianese, et al.*, Index No. 155802/2016, filed in the Supreme Court of New York, New York County.

- "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendant and the Former Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means the Defendant, each and all of the Former Defendants and their respective Related Parties.

- "Related Parties" means each of L3's or the Former Defendants' respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, immediate family members, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives and assigns of each of them, in their capacity as such.

- "Unknown Claims" means any and all Released Claims or Released Defendants' Claims that any of the Settling Parties or Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel, or Class Members which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel or Class Members, or might have

affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel, or Class Members. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue L3 and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out."

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *L3 Securities Litigation*." Your letter

- 9 -

must include all of your purchases, acquisitions and sales of L3 common stock during the Class Period, including the dates, the number of shares of L3 stock purchased, acquired or sold, and price paid or received for each such purchase, acquisition, or sale.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked no later than _____, 2017** to:

*L3 Securities Litigation*
Claims Administrator
c/o Garden City Group, LLC
P.O. Box _____
_____

If you ask to be excluded, you will not get any payment from the Settlement Fund, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue L3 and the other Released Persons about the Released Claims in the future.

**NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST**

| | |
|---|---|
| **12.** | **If I do not exclude myself, can I sue L3 and the other Released Persons for the same thing later?** |

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue L3 and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2017.  L3 may withdraw from and terminate the Settlement if Class Members who purchased in excess of a certain amount of L3 common stock exclude themselves from the Class.

| | |
|---|---|
| **13.** | **If I exclude myself, can I get money from the proposed Settlement?** |

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against L3 and the other Released Persons.

**THE LAWYERS REPRESENTING YOU**

| | |
|---|---|
| **14.** | **Do I have a lawyer in this case?** |

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

1238577_1

| **15.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount and for expenses and costs (exclusive of administration costs) in an amount not to exceed $600,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  Lead Counsel's application for a 25% fee and expenses up to $600,000 consists of the fees and expenses of Lead Counsel, and additional plaintiffs' counsel Sullivan, Ward, Asher & Patton, P.C. and VanOverbeke Michaud & Timmony, P.C.  These law firms performed work on behalf of the Class and will submit affidavits or declarations to the Court documenting their time and expenses in support of Lead Counsel's application.  In addition, the Lead Plaintiffs may seek up to $10,000 collectively for their time and expenses incurred in representing the Class.  The requested fees and expenses would amount to an average of $0.55 per share.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees, expenses or compensation.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can comment or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *L3 Securities Litigation*.  Include your name, address, telephone number, email address, and your signature, identify the number of shares of L3 common stock you owned as of the beginning of trading on January 30, 2014, the date(s), price(s), and number(s) of shares of L3 common stock you purchased, acquired and sold during the Class Period, including written documentation of such trading, and state your comments or the reasons why you object to the proposed Settlement.  Your comments or objection must be filed with the Court **on or before _____, 2017**, and also must be **received**, not simply postmarked, by the following recipients **no later than _____, 2017:**

*Counsel for Lead Plaintiffs:*

ELLEN GUSIKOFF STEWART
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

*Counsel for L3:*

MICHAEL J. GARVEY
DAVID ELBAUM
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017

---

| **17.** | **What is the difference between objecting and excluding?** |

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against L3 and its Related Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

---

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |

The Court will hold a Settlement Hearing at ___ _.m., on _____, **2017**, in the Courtroom of the Honorable Valerie E. Caproni, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.  At the hearing the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Lead Plaintiffs.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.L3Technologiessecuritieslitigation.com beforehand to be sure that the date and/or time have not changed.

- 12 -

| 19. | Do I have to come to the hearing? |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, or Lead Counsel's fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *L3 Securities Litigation*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be **received** no later than _____, 2017, and addressed to counsel at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against L3 and its Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at _____.  You may also review the Settlement Agreement, the pleadings in support of the Settlement, the Orders entered by the Court and the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.L3Technologiessecuritieslitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
## CLASS MEMBERS

The Settlement Amount of $34.5 million and any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants").  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in L3 common stock during the Class Period.

For purposes of formulating the Plan of Allocation and determining the amount an Authorized Claimant may recover under it, Lead Counsel has conferred with its damages consultant regarding the Plan of Allocation and it reflects an assessment of the damages that it believes could have been recovered by Class Members had Lead Plaintiffs prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

Allowed claims will also be subjected to the statutory PSLRA 90-day look-back amount of $110.68.[2]

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share shall be $0.00.

A "claim" will be calculated as follows:

For shares of L3 common stock *purchased, or otherwise acquired, on or between January 30, 2014 through July 30, 2014*, the claim per share shall be as follows:

a)   If sold prior to July 31, 2014, the claim per share is zero.

---

[2]   Pursuant to Section 21D(e)(1) of the PSLRA, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."

- 14 -

b)      If retained at the end of July 30, 2014 and sold prior to October 28, 2014 the claim per share shall be the least of (i) $14.68 (July 31, 2014 Price Decline) or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price the average closing price up to the date of sale as set forth in the table below.

c)      If retained, or sold, on or after October 28, 2014, the claim per share shall be the least of: (i) $14.68, or (ii) the difference between the purchase price and $110.68.

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 7/31/2014 | $104.96 | $104.96 |
| 8/1/2014 | $107.41 | $106.19 |
| 8/4/2014 | $104.55 | $105.64 |
| 8/5/2014 | $104.83 | $105.44 |
| 8/6/2014 | $101.39 | $104.63 |
| 8/7/2014 | $101.59 | $104.12 |
| 8/8/2014 | $104.75 | $104.21 |
| 8/11/2014 | $104.12 | $104.20 |
| 8/12/2014 | $104.23 | $104.20 |
| 8/13/2014 | $105.55 | $104.34 |
| 8/14/2014 | $105.50 | $104.44 |
| 8/15/2014 | $105.74 | $104.55 |
| 8/18/2014 | $108.34 | $104.84 |
| 8/19/2014 | $107.75 | $105.05 |
| 8/20/2014 | $109.28 | $105.33 |
| 8/21/2014 | $110.40 | $105.65 |
| 8/22/2014 | $109.77 | $105.89 |
| 8/25/2014 | $109.65 | $106.10 |
| 8/26/2014 | $109.43 | $106.28 |
| 8/27/2014 | $109.54 | $106.44 |
| 8/28/2014 | $109.52 | $106.59 |
| 8/29/2014 | $109.95 | $106.74 |
| 9/2/2014 | $110.19 | $106.89 |
| 9/3/2014 | $110.15 | $107.02 |
| 9/4/2014 | $110.97 | $107.18 |
| 9/5/2014 | $112.06 | $107.37 |
| 9/8/2014 | $112.96 | $107.58 |
| 9/9/2014 | $112.27 | $107.74 |
| 9/10/2014 | $113.58 | $107.95 |
| 9/11/2014 | $114.81 | $108.17 |

- 15 -

| | | |
|---|---|---|
| 9/12/2014 | $114.78 | $108.39 |
| 9/15/2014 | $115.82 | $108.62 |
| 9/16/2014 | $116.13 | $108.85 |
| 9/17/2014 | $115.99 | $109.06 |
| 9/18/2014 | $115.49 | $109.24 |
| 9/19/2014 | $114.24 | $109.38 |
| 9/22/2014 | $112.61 | $109.47 |
| 9/23/2014 | $110.63 | $109.50 |
| 9/24/2014 | $111.13 | $109.54 |
| 9/25/2014 | $109.73 | $109.54 |
| 9/26/2014 | $114.75 | $109.67 |
| 9/29/2014 | $115.26 | $109.80 |
| 9/30/2014 | $118.92 | $110.02 |
| 10/1/2014 | $115.23 | $110.14 |
| 10/2/2014 | $113.61 | $110.21 |
| 10/3/2014 | $115.09 | $110.32 |
| 10/6/2014 | $113.08 | $110.38 |
| 10/7/2014 | $110.80 | $110.39 |
| 10/8/2014 | $112.06 | $110.42 |
| 10/9/2014 | $108.11 | $110.37 |
| 10/10/2014 | $115.15 | $110.47 |
| 10/13/2014 | $109.25 | $110.44 |
| 10/14/2014 | $108.27 | $110.40 |
| 10/15/2014 | $109.09 | $110.38 |
| 10/16/2014 | $109.23 | $110.36 |
| 10/17/2014 | $110.63 | $110.36 |
| 10/20/2014 | $109.55 | $110.35 |
| 10/21/2014 | $110.15 | $110.35 |
| 10/22/2014 | $111.66 | $110.37 |
| 10/23/2014 | $114.43 | $110.44 |
| 10/24/2014 | $114.56 | $110.50 |
| 10/27/2014 | $115.23 | $110.58 |
| 10/28/2014 | $116.76 | $110.68 |

The date of purchase, acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of L3 common stock during the Class Period shall not be deemed a purchase, acquisition or sale of L3 common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of L3 common stock during the Class Period in exchange for securities of

- 16 -

any other corporation or entity shall not be deemed a purchase, acquisition or sale of L3 common stock.

For Class Members who held L3 common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of L3 common stock during the Class Period will be matched, in chronological order, first against shares of L3 common stock held at the beginning of the Class Period. The remaining sales of L3 common stock during the Class Period will then be matched, in chronological order, against common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all L3 common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of common stock that have been matched against the common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. **No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.**

Subject to Court approval, payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. L3, its counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, L3, or L3's counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Lead Plaintiffs and Lead Plaintiffs' Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Plan of Allocation. If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts omitted from the initial disbursement; (b) second, additional settlement administration fees, costs, and expenses, including those of Lead Plaintiffs' Counsel as may be approved by the Court; and (c) to make a second

- 17 -

distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be distributed to an appropriate non-sectarian, non-profit charitable organization serving the public interest, designated by Lead Counsel and approved by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired L3 common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim directly to the beneficial owners of the securities referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*L3 Securities Litigation*
Claims Administrator
c/o Garden City Group, LLC
P.O. Box _____
_____
_____
www.L3Technologiessecuritieslitigation.com

DATED: _____                    BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         SOUTHERN DISTRICT OF NEW YORK

- 18 -

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

ZUBAIR PATEL, Individually and on Behalf         :      Civil Action No. 1:14-cv-06038-VEC
of All Others Similarly Situated,                :      **(Consolidated)**
                                                 :
                        Plaintiff,               :      <u>CLASS ACTION</u>
                                                 :
        vs.                                      :      PROOF OF CLAIM AND RELEASE
                                                 :
L-3 COMMUNICATIONS HOLDINGS, INC.,               :      EXHIBIT A-2
et al.,                                          :
                                                 :
                        Defendants.              :
                                                 :
———————————————————————— x

1231347_2

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the action entitled *Patel v. L-3 Communications Holdings, Inc., et al.*, Case No. 1:14-cv-06038-VEC (S.D.N.Y.) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2017, ADDRESSED AS FOLLOWS:**

> *L3 Securities Litigation*
> Claims Administrator
> c/o Garden City Group, LLC
> _____
> _____
> Online Submissions:  www.L3Technologiessecuritieslitigation.com

If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Member of the Class and you did not timely request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM OR RECEIVE ANY PROCEEDS FROM THE NET SETTLEMENT FUND.

- 1 -

1231347_2

## II.  CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired L-3 Communications Holdings, Inc. (now known as L3 Technologies, Inc.) ("L3") common stock during the Class Period and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or acquired L3 common stock during the Class Period and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser or acquirer of the L3 common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE L3 COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including that your titles or capacities must be stated.  Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include

- 2 -

all transactions made in all accounts on one Proof of Claim).  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

III.    **CLAIM FORM**

Use Part II of this form entitled "Schedule of Transactions in L3 Common Stock" to supply all required details of your transaction(s) in L3 common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases or acquisitions and ***all*** of your sales of L3 common stock which took place during the period January 30, 2014 through and including October 28, 2014, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to ***all*** of the shares of L3 common stock you held at the close of trading on January 29, 2014, July 30, 2014, and October 28, 2014.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of L3 common stock. The date of a "short sale" is deemed to be the date of sale of L3 common stock.

For each transaction, copies of broker confirmations or other documentation of your transactions in L3 common stock should be attached to your claim.  The parties and the Claims Administrator do not independently have information about your investments.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR

- 3 -

EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUBMIT THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.L3Technologiessecuritieslitigation.com. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at 1-_____ to obtain the required file layout.

- 4 -

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Patel v. L-3 Communications Holdings, Inc., et al.*

Case No. 1:14-cv-06038-VEC

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**

**_____, 2017**

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

(The Claims Administrator will use this information for all communications regarding your Proof of Claim.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.)

_____

Beneficial Owner's Name (First, Middle, Last, as the name(s) should appear on check, if eligible for payment)

_____

Street Address

_____     _____

City                                                         State or Province

_____     _____

Zip Code or Postal Code                             Country

_____     _____        Individual

Social Security Number or                _____        Corporation/Other
Taxpayer Identification Number

_____     _____

Area Code                 Telephone Number (work)

_____     _____

Area Code                 Telephone Number (home)

- 5 -

Record Owner's Name (if different from beneficial owner listed above)

PART II:     SCHEDULE OF TRANSACTIONS IN L3 COMMON STOCK

    A.    Number of shares of L3 common stock held at the close of trading on January 29, 2014: _____

    B.    Purchases or acquisitions of L3 common stock (January 30, 2014 – October 28, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**  (i)  If any purchase listed covered a "short sale," please mark Yes.  ☐ Yes

    (ii)  If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

☐☐/☐☐/☐☐☐☐
MM DD YYYY   _____       _____
    Merger Shares    Company

    C.    Sales of L3 common stock (January 30, 2014 – October 28, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

    D.    Number of shares of L3 common stock held at the close of trading on July 30, 2014: _____

    E.    Number of shares of L3 common stock held at the close of trading on October 28, 2014: _____

- 6 -

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN ON PAGE __.  FAILURE TO SIGN THIS FORM MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) a Class Member(s) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other L3 securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of L3 common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASE**

1.        Upon the Effective Date of the Settlement, I (we), as a Class Member, acknowledge full and complete satisfaction of, and fully, finally, and forever settle, release, and discharge from the Released Claims as against each and all of the Released Persons, as defined in the accompanying Notice.

2.        I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

- 7 -

1231347_2

3.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in L3 common stock which are the subject of this claim, which occurred during the Class Period, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Proof of Claim.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                                                              (Month/Year)                              (City)

_____.
          (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign above.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 60 days.  Your claim is not deemed submitted until you receive an acknowledgment postcard.  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (XXX) XXX-XXXX.

If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you  move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2017, ADDRESSED AS FOLLOWS:**

*L3 Securities Litigation*
Claims Administrator
c/o Garden City Group, LLC

_____
_____
www.L3Technologiessecuritieslitigation.com

- 9 -

1231347_2

EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
ZUBAIR PATEL, Individually and on Behalf　:　Civil Action No. 1:14-cv-06038-VEC
of All Others Similarly Situated,　　　　　:　**(Consolidated)**
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　:　CLASS ACTION
　　　　　　　　　　　　　　　　　　　　:
　　　　　vs.　　　　　　　　　　　　　:　SUMMARY NOTICE
　　　　　　　　　　　　　　　　　　　　:
L-3 COMMUNICATIONS HOLDINGS, INC.,　:　EXHIBIT A-3
et al.,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　:
　　　　　　　　　　　　　　　　　　　　:
———————————————————— x

1231357_2

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF L-3 COMMUNICATIONS HOLDINGS, INC. (NOW KNOWN AS L3 TECHNOLOGIES, INC.) ("L3") DURING THE PERIOD FROM JANUARY 30, 2014 THROUGH AND INCLUDING JULY 30, 2014

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on _____, 2017, at _____, before the Honorable Valerie E. Caproni, United States District Judge, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, for the purpose of determining: (1) whether the proposed Settlement of the claims in the Litigation for the principal amount of $34,500,000, plus interest, should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation of Settlement proceeds is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and Lead Plaintiffs' expenses in connection with this Litigation should be approved. Lead Counsel will request attorneys' fees of no greater than 25% of the Settlement Fund plus expenses, including those of the Lead Plaintiffs, not to exceed $610,000.

IF YOU PURCHASED OR OTHERWISE ACQUIRED L3 COMMON STOCK DURING THE PERIOD FROM JANUARY 30, 2014 THROUGH AND INCLUDING JULY 30, 2014, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *L3 Securities Litigation*, Claims Administrator, c/o Garden City Group, LLC, P.O. Box ___, _____, or on the internet at www.L3Technologiessecuritieslitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a

- 1 -

Proof of Claim and Release by mail or online *no later than* _____, *2017*, establishing that you are entitled to recovery.  You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to *L3 Securities Litigation*, Claims Administrator, c/o Garden City Group, LLC, _____, **postmarked by _____, 2017.**

Any objection to the Settlement, the Plan of Allocation, or the fee and expense application shall be filed with the Court on or before _____, 2017, and also must be *received*, not simply postmarked, by the following recipients *no later than _____, 2017*:

> *Counsel for Lead Plaintiffs:*
>
> ELLEN GUSIKOFF STEWART
> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> *Counsel for L3:*
>
> MICHAEL J. GARVEY
> DAVID ELBAUM
> SIMPSON THACHER & BARTLETT LLP
> 425 Lexington Avenue
> New York, NY  10017

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  If you have any questions about the Settlement, you may contact counsel for Lead Plaintiffs at the address listed above.

DATED: _____, 2017        BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            SOUTHERN DISTRICT OF NEW YORK

- 2 -