# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZUBAIR PATEL, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:14-cv-06038-VEC **(Consolidated)** |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| L-3 COMMUNICATIONS HOLDINGS, INC., et al., | EXHIBIT A-1 |
| Defendants. | |

1238577_1

**A FEDERAL COURT AUTHORIZED THIS NOTICE.  THIS IS NOT A SOLICITATION FROM A LAWYER.**

**TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED L-3 COMMUNICATIONS HOLDINGS, INC. (NOW KNOWN AS L3 TECHNOLOGIES, INC.) ("L3" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD FROM JANUARY 30, 2014 THROUGH AND INCLUDING JULY 30, 2014 (THE "CLASS PERIOD")**

- PLEASE READ THIS NOTICE CAREFULLY.[1]

- IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

- YOU MAY BE ELIGIBLE TO RECEIVE MONEY FROM THE SETTLEMENT OF THIS CASE.

- YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS LAWSUIT.

- TO RECEIVE MONEY FROM THIS SETTLEMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2017.

- IF YOU DO NOT WISH TO PARTICIPATE IN THE SETTLEMENT YOU MAY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT BY SENDING A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE _____, 2017.

- IF YOU RECEIVED THIS NOTICE ON BEHALF OF A CLASS MEMBER, AS DEFINED BELOW, WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT CLASS MEMBER.

YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed $34.5 million settlement (the "Settlement") has been reached between the parties in the class action pending in the United States District Court for the Southern District of New York (the "Court") brought on behalf of all individuals and entities described above (the "Class").  The Court has preliminarily approved the Settlement, whose terms are set forth in a Stipulation of Settlement, which is available at www.L3Technologiessecuritieslitigation.com.  You have received this Notice

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated February 22, 2017 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.L3Technologiessecuritieslitigation.com.

- 1 -

of Pendency and Proposed Settlement of Class Action (the "Notice") because the Settling Parties' records indicate that you may be a member of the Class.  This Notice is designed to inform you of your rights, how you can submit a claim and how you can comment in favor of the Settlement or object to the Settlement.  If the Settlement is finally approved by the Court, the Settlement will be binding upon you, unless you exclude yourself, even if you do not submit a claim to obtain money from the Settlement and even if you object to the Settlement.

The Settlement creates a fund in the amount of $34.5 million in cash (the "Settlement Fund") for the benefit of members of the Class ("Class Members") who purchased or otherwise acquired L3 common stock during the period from January 30, 2014, through and including July 30, 2014 (the "Class Period").  Your recovery from the Settlement Fund will be calculated according to the Plan of Allocation which is detailed below on pages __ or as otherwise determined by the Court.  The amount of your payment will depend on a number of variables, including the number of shares that you purchased or acquired during the Class Period and the timing of any purchases or acquisitions and sales that you made.  Lead Counsel estimates that the average distribution per share of L3 common stock under the Settlement is $2.05 before deduction of fees and expenses.  If you have any questions regarding the Plan of Allocation or your potential recovery, you may contact Lead Counsel or the Claims Administrator, whose contact information is listed below in this Notice.

Lead Counsel, who has been prosecuting this Litigation on a wholly-contingent basis since its inception, has not received any payment of attorneys' fees for its representation of the Class and it has advanced the funds to pay expenses necessarily incurred to prosecute the Litigation.  Lead Counsel will apply to the Court for an award of attorneys' fees for all plaintiffs' counsel in the amount of 25% of the Settlement Fund.  In addition, Lead Counsel will apply for reasonable litigation expenses (exclusive of administration costs) in an amount not to exceed $600,000.  In addition, Lead Counsel will submit an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class in an amount not to exceed $10,000 collectively.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.  If the Settlement is approved, and Lead Counsel's fee and expense application is granted in its entirety, the average cost per share of these fees and expenses will be approximately $0.55 per share of L3 common stock.

Lead Plaintiffs and the Class are being represented by Lead Counsel Robbins Geller Rudman & Dowd LLP.  Any questions regarding the Litigation or the Settlement should be directed to Rick Nelson, Shareholder Relations at Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT ||
|---|---|
| Submit a Proof of Claim Postmarked or Submitted Online no later than _____ | This is the only way to be eligible to get a payment in connection with the Settlement. |
| Exclude Yourself from the Class by Submitting a Written Request | If you exclude yourself from the Class, you will not be eligible to get any payment from the Net Settlement Fund. This is the only option that allows you to be part of any other |

| | |
|---|---|
| Postmarked no later than _____ | lawsuit against L3 or the other Related Parties concerning the Released Claims (defined below). |
| Object to the Settlement by Submitting a Written Objection so that it is Received no later than _____ | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the fee and expense application, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense application unless you are a Class Member and do not exclude yourself. |
| Go to the Settlement Hearing on _____. And File a Notice of Intention to Appear so that it is Received no later than _____. | Filing a written objection and notice of intention to appear allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the fee and expense application. If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |
| Do Nothing | If you are a member of the Class and you do not submit a Proof of Claim by _____, you will not be eligible to receive any payment from the Net Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court pertaining to the Litigation. |

There will be a fairness hearing on the Settlement ("Settlement Hearing") before the Honorable Valerie E. Caproni, United States District Court Judge, at __ on ____, 2017 in Courtroom 443 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.

## SUMMARY OF THIS NOTICE

### Further Information

For further information regarding the Litigation, this Notice or to review the Settlement Agreement, please contact the Claims Administrator toll-free at _____, or visit the website www.L3Technologiessecuritieslitigation.com.

**Please Do Not Call the Court or the Defendant with Questions About the Settlement.**

### Reasons for the Settlement

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that

- 3 -

could last several years into the future.  For L3, which has denied and continues to deny all allegations of liability, fault, wrongdoing or damages whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation.  L3 has concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

**1.    Why did I get this notice package?**

This Notice was sent to you pursuant to an Order of the Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired L3 common stock during the period from January 30, 2014, through and including July 30, 2014 ("Class Period").  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement and you have a right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Counsel and approved by the Court will make payments pursuant to the Settlement and the Court-approved Plan of Allocation after any objections and appeals are resolved.  This Notice is also being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the fee and expense application.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *Patel v. L-3 Communications Holdings, Inc., et al.*, Case No. 1:14-cv-06038-VEC.  The case has been assigned to the Honorable Valerie E. Caproni.  The pension funds representing the Class are the "Lead Plaintiffs," and the company they sued and who has now settled is called the Defendant.

This Notice does not express any opinion by the Court concerning the merits of any claim or defense in the Litigation, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and the Plan of Allocation, payments to Authorized Claimants will be made after any appeals are resolved, and after completion of all claims processing.

**2.    What is this lawsuit about?**

The Litigation is pending before the Honorable Valerie E. Caproni in the United States District Court for the Southern District of New York (the "Court").  The initial complaint in this action was filed on August 1, 2014.  On October 20, 2014, the Court appointed Lead Plaintiffs and Lead Counsel.

Lead Plaintiffs alleged that the Defendant and Former Defendants Michael T. Strianese and Ralph G. D'Ambrosio violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by, *inter alia*, issuing materially false and misleading statements regarding the Company's Aerospace Systems segment. Specifically, Lead Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on December 22, 2014, alleged material misstatements and/or omissions concerning: (i) errors in L3's

- 4 -

financial statements related to the improper deferral of cost overruns on a fixed-price maintenance and logistics support contract resulting in overstatement of operating income; (ii) overstatement of net sales with respect to the fixed-price maintenance and logistics support contract; and (iii) the adequacy of the Company's internal controls with respect to financial reporting. Lead Plaintiffs further alleged that as a result of the foregoing alleged materially false or misleading statements, the Company's financial statements were materially false and misleading during the Class Period (January 30, 2014 through July 30, 2014), and that L3 common stock traded at artificially inflated prices.

On July 31, 2014, L3 announced preliminary financial results and concurrent internal accounting review into matters at the Company's Aerospace Systems segment. As a result of its preliminary review, which was ongoing, the Company announced that it expected to incur an aggregate pre-tax charge of $84 million against operating income and a related reduction in net sales of approximately $43 million. Following this news, shares of L3 fell more than 12%.

On February 20, 2015, L3 and the Former Defendants filed their Motion to Dismiss the Complaint. On March 13, 2015, Lead Plaintiffs filed their Second Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint"). Defendant L3 and the Former Defendants, on April 24, 2015, moved to dismiss the Amended Complaint. Lead Plaintiffs filed their opposition to the Motion to Dismiss on June 9, 2015. L3 and the Former Defendants filed their reply on June 26, 2015.

Following oral argument on the Motion to Dismiss on March 4, 2016, the Court ordered the parties to submit supplemental letter briefing on the issue of scienter. The parties filed their supplemental materials on March 10, 2016, and on March 30, 2016, the Court issued its Memorandum Opinion and Order granting the Motion to Dismiss as to Former Defendants Strianese and D'Ambrosio, and denying it with respect to L3. On April 13, 2016, L3 filed its answer to the Amended Complaint.

The parties thereafter engaged in extensive document and deposition discovery, and Lead Plaintiffs filed their motion for class certification, which was opposed by L3. The Court ordered additional briefing on the motion, which was completed on October 31, 2016.

In an effort to conserve judicial resources and attempt to settle the Litigation, the parties engaged the services of the Hon. Layn R. Phillips (Ret.), a nationally recognized mediator. The parties prepared detailed mediation statements and engaged with Judge Phillips in a full-day in-person mediation session with Judge Phillips on November 11, 2016, and subsequent telephonic sessions. These efforts culminated with the parties executing a Term Sheet in which they agreed to settle the Litigation on January 23, 2017, on the terms set forth below, subject to the negotiation of a Stipulation of Settlement and approval by the Court.

| 3. | **Why is there a settlement?** |
|---|---|

The Court has not decided in favor of L3 or of the Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged.  L3 denies that it is liable to the Class and denies that the Class has suffered any damages.  The issues on which the parties disagree are many, but include: (1) whether L3 engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether L3 has valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of L3 common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of L3 common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of L3 common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of L3 common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of L3 common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of L3 common stock at various times during the Class Period.

## WHO IS IN THE SETTLEMENT

**4.     How do I know if I am a Class Member?**

The Court directed that everyone who fits this description is a Class Member: ***all Persons who purchased or acquired L3 common stock during the period from January 30, 2014, through and including July 30, 2014***, except those Persons and entities that are excluded.

Excluded from the Class are:  L3, persons who served as directors of L3 during the Class Period, Section 16 officers of L3 and officers of the Company's Aerospace Systems segment during the Class Period, members of such excluded person's immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement Fund, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____.

**5.     What if I am still not sure if l am included?**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim enclosed with this Notice package, to see if you qualify.

- 6 -

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| **6.** | **What does the Settlement provide?** |

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, L3 has agreed to pay (or cause to be paid) $34.5 million in cash to be distributed after taxes, fees, and expenses to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| **7.** | **How much will my payment be?** |

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proofs of Claim that Class Members send in, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below. At this time, however, it is not possible to make any determination as to how much a Class Member may receive from the Settlement.

**HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM**

| **8.** | **How can I get a payment?** |

To be eligible to receive a payment from the Net Settlement Fund, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice or it may be downloaded at www.L3Technologiessecuritieslitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2017.** The Proof of Claim may be submitted online at www.L3Technologiessecuritieslitigation.com.

| **9.** | **When would I get my payment?** |

**The Court will hold a Settlement Hearing on _____, 2017, at \_\_\_\_\_ \_.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal, or review has expired. Please be patient.

| **10.** | **What am I giving up to get a payment or to stay in the Class?** |

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against L3 or its Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- 7 -

- "Released Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, whether asserted directly, indirectly, derivatively, representatively, or in any other capacity, including, without limitation, any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, and any claims for gross negligence, fraud or negligent misrepresentation that a Class Member has or may have against the Released Persons that arise from, are based on, or are related in any way to the allegations, transactions, facts, events, matters, occurrences, acts, representations, statements or omissions that were or could have been alleged, set forth or referred to in the Litigation and the purchase or acquisition of L3 common stock during the Class Period, except for claims related to the enforcement of the Settlement. "Released Claims" includes "Unknown Claims" as defined below, but does not include the shareholder derivative claims asserted in the action captioned *Francis Weidman v. Michael T. Strianese, et al.*, Index No. 155802/2016, filed in the Supreme Court of New York, New York County.

- "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendant and the Former Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means the Defendant, each and all of the Former Defendants and their respective Related Parties.

- "Related Parties" means each of L3's or the Former Defendants' respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, immediate family members, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives and assigns of each of them, in their capacity as such.

- "Unknown Claims" means any and all Released Claims or Released Defendants' Claims that any of the Settling Parties or Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel, or Class Members which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel or Class Members, or might have

affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel, or Class Members. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

### EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue L3 and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out."

**11.    How do I get out of the Class and the proposed Settlement?**

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *L3 Securities Litigation*." Your letter

- 9 -

must include all of your purchases, acquisitions and sales of L3 common stock during the Class Period, including the dates, the number of shares of L3 stock purchased, acquired or sold, and price paid or received for each such purchase, acquisition, or sale.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked no later than _____, 2017** to:

*L3 Securities Litigation*
Claims Administrator
c/o Garden City Group, LLC
P.O. Box _____
_____

If you ask to be excluded, you will not get any payment from the Settlement Fund, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue L3 and the other Released Persons about the Released Claims in the future.

**NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST**

**12.     If I do not exclude myself, can I sue L3 and the other Released Persons for the same thing later?**

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue L3 and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2017.  L3 may withdraw from and terminate the Settlement if Class Members who purchased in excess of a certain amount of L3 common stock exclude themselves from the Class.

**13.     If I exclude myself, can I get money from the proposed Settlement?**

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against L3 and the other Released Persons.

**THE LAWYERS REPRESENTING YOU**

**14.     Do I have a lawyer in this case?**

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

- 10 -

| **15.** | **How will the lawyers be paid?** |

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount and for expenses and costs (exclusive of administration costs) in an amount not to exceed $600,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Lead Counsel's application for a 25% fee and expenses up to $600,000 consists of the fees and expenses of Lead Counsel, and additional plaintiffs' counsel Sullivan, Ward, Asher & Patton, P.C. and VanOverbeke Michaud & Timmony, P.C. These law firms performed work on behalf of the Class and will submit affidavits or declarations to the Court documenting their time and expenses in support of Lead Counsel's application. In addition, the Lead Plaintiffs may seek up to $10,000 collectively for their time and expenses incurred in representing the Class. The requested fees and expenses would amount to an average of $0.55 per share. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees, expenses or compensation.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |

If you are a Class Member, you can comment or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *L3 Securities Litigation*. Include your name, address, telephone number, email address, and your signature, identify the number of shares of L3 common stock you owned as of the beginning of trading on January 30, 2014, the date(s), price(s), and number(s) of shares of L3 common stock you purchased, acquired and sold during the Class Period, including written documentation of such trading, and state your comments or the reasons why you object to the proposed Settlement. Your comments or objection must be filed with the Court **on or before _____, 2017**, and also must be **received**, not simply postmarked, by the following recipients **no later than _____, 2017:**

1238577_1

*Counsel for Lead Plaintiffs:*

ELLEN GUSIKOFF STEWART
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for L3:*

MICHAEL J. GARVEY
DAVID ELBAUM
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

**17. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against L3 and its Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

**18. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at ___ _.m., on _____, **2017**, in the Courtroom of the Honorable Valerie E. Caproni, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. At the hearing the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiffs. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.L3Technologiessecuritieslitigation.com beforehand to be sure that the date and/or time have not changed.

- 12 -

**19.     Do I have to come to the hearing?**

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**20.     May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, or Lead Counsel's fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *L3 Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be **received** no later than _____, 2017, and addressed to counsel at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**21.     What happens if I do nothing?**

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against L3 and its Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

**22.     How do I get more information?**

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at _____. You may also review the Settlement Agreement, the pleadings in support of the Settlement, the Orders entered by the Court and the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.L3Technologiessecuritieslitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Amount of $34.5 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in L3 common stock during the Class Period.

For purposes of formulating the Plan of Allocation and determining the amount an Authorized Claimant may recover under it, Lead Counsel has conferred with its damages consultant regarding the Plan of Allocation and it reflects an assessment of the damages that it believes could have been recovered by Class Members had Lead Plaintiffs prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

Allowed claims will also be subjected to the statutory PSLRA 90-day look-back amount of $110.68.[2]

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share shall be $0.00.

A "claim" will be calculated as follows:

For shares of L3 common stock *purchased, or otherwise acquired, on or between January 30, 2014 through July 30, 2014*, the claim per share shall be as follows:

a) If sold prior to July 31, 2014, the claim per share is zero.

---

[2] Pursuant to Section 21D(e)(1) of the PSLRA, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."

- 14 -

1238577_1

b)   If retained at the end of July 30, 2014 and sold prior to October 28, 2014 the claim per share shall be the least of (i) $14.68 (July 31, 2014 Price Decline) or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price the average closing price up to the date of sale as set forth in the table below.

c)   If retained, or sold, on or after October 28, 2014, the claim per share shall be the least of: (i) $14.68, or (ii) the difference between the purchase price and $110.68.

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 7/31/2014 | $104.96 | $104.96 |
| 8/1/2014 | $107.41 | $106.19 |
| 8/4/2014 | $104.55 | $105.64 |
| 8/5/2014 | $104.83 | $105.44 |
| 8/6/2014 | $101.39 | $104.63 |
| 8/7/2014 | $101.59 | $104.12 |
| 8/8/2014 | $104.75 | $104.21 |
| 8/11/2014 | $104.12 | $104.20 |
| 8/12/2014 | $104.23 | $104.20 |
| 8/13/2014 | $105.55 | $104.34 |
| 8/14/2014 | $105.50 | $104.44 |
| 8/15/2014 | $105.74 | $104.55 |
| 8/18/2014 | $108.34 | $104.84 |
| 8/19/2014 | $107.75 | $105.05 |
| 8/20/2014 | $109.28 | $105.33 |
| 8/21/2014 | $110.40 | $105.65 |
| 8/22/2014 | $109.77 | $105.89 |
| 8/25/2014 | $109.65 | $106.10 |
| 8/26/2014 | $109.43 | $106.28 |
| 8/27/2014 | $109.54 | $106.44 |
| 8/28/2014 | $109.52 | $106.59 |
| 8/29/2014 | $109.95 | $106.74 |
| 9/2/2014 | $110.19 | $106.89 |
| 9/3/2014 | $110.15 | $107.02 |
| 9/4/2014 | $110.97 | $107.18 |
| 9/5/2014 | $112.06 | $107.37 |
| 9/8/2014 | $112.96 | $107.58 |
| 9/9/2014 | $112.27 | $107.74 |
| 9/10/2014 | $113.58 | $107.95 |
| 9/11/2014 | $114.81 | $108.17 |

| Date | | |
|---|---|---|
| 9/12/2014 | $114.78 | $108.39 |
| 9/15/2014 | $115.82 | $108.62 |
| 9/16/2014 | $116.13 | $108.85 |
| 9/17/2014 | $115.99 | $109.06 |
| 9/18/2014 | $115.49 | $109.24 |
| 9/19/2014 | $114.24 | $109.38 |
| 9/22/2014 | $112.61 | $109.47 |
| 9/23/2014 | $110.63 | $109.50 |
| 9/24/2014 | $111.13 | $109.54 |
| 9/25/2014 | $109.73 | $109.54 |
| 9/26/2014 | $114.75 | $109.67 |
| 9/29/2014 | $115.26 | $109.80 |
| 9/30/2014 | $118.92 | $110.02 |
| 10/1/2014 | $115.23 | $110.14 |
| 10/2/2014 | $113.61 | $110.21 |
| 10/3/2014 | $115.09 | $110.32 |
| 10/6/2014 | $113.08 | $110.38 |
| 10/7/2014 | $110.80 | $110.39 |
| 10/8/2014 | $112.06 | $110.42 |
| 10/9/2014 | $108.11 | $110.37 |
| 10/10/2014 | $115.15 | $110.47 |
| 10/13/2014 | $109.25 | $110.44 |
| 10/14/2014 | $108.27 | $110.40 |
| 10/15/2014 | $109.09 | $110.38 |
| 10/16/2014 | $109.23 | $110.36 |
| 10/17/2014 | $110.63 | $110.36 |
| 10/20/2014 | $109.55 | $110.35 |
| 10/21/2014 | $110.15 | $110.35 |
| 10/22/2014 | $111.66 | $110.37 |
| 10/23/2014 | $114.43 | $110.44 |
| 10/24/2014 | $114.56 | $110.50 |
| 10/27/2014 | $115.23 | $110.58 |
| 10/28/2014 | $116.76 | $110.68 |

The date of purchase, acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date.  All purchase, acquisition and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise or operation of law of L3 common stock during the Class Period shall not be deemed a purchase, acquisition or sale of L3 common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.  The receipt of L3 common stock during the Class Period in exchange for securities of

any other corporation or entity shall not be deemed a purchase, acquisition or sale of L3 common stock.

For Class Members who held L3 common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of L3 common stock during the Class Period will be matched, in chronological order, first against shares of L3 common stock held at the beginning of the Class Period. The remaining sales of L3 common stock during the Class Period will then be matched, in chronological order, against common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all L3 common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of common stock that have been matched against the common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. **No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.**

Subject to Court approval, payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. L3, its counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, L3, or L3's counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Lead Plaintiffs and Lead Plaintiffs' Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Plan of Allocation. If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts omitted from the initial disbursement; (b) second, additional settlement administration fees, costs, and expenses, including those of Lead Plaintiffs' Counsel as may be approved by the Court; and (c) to make a second

distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be distributed to an appropriate non-sectarian, non-profit charitable organization serving the public interest, designated by Lead Counsel and approved by the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired L3 common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*L3 Securities Litigation*
Claims Administrator
c/o Garden City Group, LLC
P.O. Box _____
_____

_____
www.L3Technologiessecuritieslitigation.com


DATED: _____                    BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF NEW YORK

- 18 -

1238577_1